## MARKOWITZ v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 10007. Decided May 20, 1929

Thos C Brinsmade, Cleveland, for Markowitz.

S O Hirtius, Cleveland, for City.

SULLIVAN, J.

In the absence of any testimony to the contrary, the circumstances are conclusive that the sale was made in due course by this person who had control and custody of the store in the absence of Markowitz, and this conclusion rests mainly upon a vital point in the case, to-wit, that Markowitz who could have fully explained the entire matter as to the authority of the young man to make the sale, remained silent under the charge and challenge that the young man was in charge of the store and had authority to make the sale. The failure of plaintiff in error to take the stand in the trial of a cause wherein a criminal charge is made, is an important circumstance because its legal signification is that the charge remained unchallenged. A conclusion which is irresistible under such circumstances is that the failure to deny the charge is an admission that the charge is true and if there is sufficient evidence under the rules of criminal law, by way of positive evidence or circumstances when the state rests its case, upon which to base a conviction, and if it has that substantive character which is necessary to prove the essential elements of the offense, then the conclusion of course is that the cause should not be reversed.

If as in the case at bar there is some doubt as to the sufficiency of the legal strength of the State's case, the action of the defendant in remaining silent may remove that doubt in the same manner precisely as if he had taken the stand himself and denied the charge and corroborated it by sufficient proof to show a failure on the part of the State to convict.

The main contention of the defense is that plaintiff in error was not present; that he kept the store there is no question; that he had the identical revolver in his store there is no question because he reported the possession of it under the Ordinance to the proper authorities. Therefore the only question is whether the sale was made by plaintiff in error through a person properly in charge without con-

forming to the provisions of the ordinance above cited. The silence of plaintiff in error does not destroy the force and effect of the circumstances detailed by the record as to the State's case. On the contrary it strengthens the force of the testimony because on the principle of self-preservation the plaintiff in error was called upon to save himself from the charge especially when the evidence on the part of the State, circumstantially at least, left the presumption that a person in charge of the store in the absence of the proprietor had a right to sell the goods that were on the shelves, especially where there is no evidence to the contrary.

It is argued that the ordinance and affidavit show that the permit to purchase said weapon must come from the Chief of Police and it is claimed that there is no evidence of this character. Sec. 2701-2 of the Municipal Code, Subdiv. 1, makes provision for permits from the Chief of Poliec to purchase and provides that a license to sell may be issued by the director of public safety.

We think the record is sufficient when it shows that no license to sell was issued by the director of public safety even though as is claimed that there is no evidence that a permit to purchase was not issued by the Chief of Police. In any event, the defendant remained silent upon this point when the opportunity was furnished him under his legal prerogative to destroy the State's case by exhibiting his permit or license.

Holding these views the judgment of the Municipal Court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.